ROBERT H. TURCOTT *vs.* GILBANE BUILDING COMPANY *et al.*

APRIL 5, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

226

 

PAOLINO, J. This bill in equity was brought by the complainant, a former employee of the respondent corporation, against the corporation and its president in his individual capacity. It prays for an accounting of the profits, fees and earnings of the corporation on certain projects, an award of a fair and equitable share of such profits, fees and earnings, and other relief. The cause is before this court on the complainant's appeal from a decree of the superior court sustaining the respondents' demurrers to the bill without leave to amend.

The complainant has not briefed or argued his reasons of appeal challenging the ruling of the superior court sustaining the demurrer of respondent Thomas F. Gilbane. Consequently, in accordance with our well-established rule, the reasons of appeal, insofar as they relate to Mr. Gilbane, are deemed to be waived. *Nelson* v. *Dodge,* 76 R. I. 1.

The following pertinent facts are disclosed by the pleadings. The corporation is engaged in the general construction business. The complainant is a duly qualified professional engineer. He was employed by the corporation from July 1, 1949 to July 8, 1959, when his employment was terminated by the corporation. From July 1, 1949 to October 1952, he was paid a weekly salary in full payment for his services. The instant action relates only to the period from October 1952 to July 1959 and is based on his claim that he is entitled to additional compensation for his services during such period.

The complainant alleges that during the period in question he supervised nine separate projects for the corpora-

tion. In paragraph 5 of the bill he sets forth the basic agreement on which this suit rests. He alleges that in October 1952, the corporation entered into a new agreement with him whereby, in addition to his weekly salary, he was to receive thereafter "a fair and equitable share of the profits, fees and earnings of the respondent corporation resulting from Complainant's efforts, the calculation of the amount of such fair and equitable share of the profits, fees and earnings to be based upon the particular type of project on which Complainant was engaged and the provisions of the respondent corporation's construction contract with respect to such profits, fees and earnings."

In paragraphs 8 and 10 of the bill the complainant alleges the existence of a further agreement with respect to two of the projects. We shall refer to this agreement as the supplemental agreement. The pertinent allegations relating thereto are the following:

"* * * Supplementing the agreement between Complainant and the respondent corporation referred to in paragraph 5 hereof and in further definition of the terms thereof, it was agreed by and between Complainant and the respondent corporation that Complainant would be entitled to further compensation for his services on this project, such further compensation to be based upon thirty (30) per cent of all labor dollars saved below the amounts estimated for labor in the estimate for this project."

In paragraph 9 he alleges that with respect to one of the other projects, in addition to the agreement mentioned in paragraph 5, respondent Thomas F. Gilbane assured him that his "earnings would be greater than the thirty (30) per cent of labor dollars saved on the Park View Junior High School project * * *."

The complainant also seeks reimbursement for certain expenses which he alleges he incurred and paid for on behalf of the corporation.

He bases his request for relief in a court of equity mainly on the ground that the determination of the amounts due him is of such an intricate and complex nature as to be cognizable only in a court of equity and that in the circumstances he has no adequate remedy at law.

The principal grounds on which the corporation demurred are that the bill did not set forth a cause for equitable relief; that the allegations in the bill were vague, indefinite, ambiguous, and uncertain; that the bill did not set forth a sufficient basis upon which a court of equity could determine the terms and provisions of the alleged agreement between the parties or the measure of recovery by complainant pursuant to said alleged agreement; that the allegations were insufficient for the court to require or order an accounting between the parties; and that it appeared from the allegations of the bill that complainant had a plain, adequate and complete remedy at law.

The complainant contends that the decree of the superior court is against the law. With respect to the basic agreement, as set forth in paragraph 5, he argues that the formula alleged therein is clear and definite enough to be applied as a standard to determine the additional compensation to which he is entitled. He has cited many cases from other jurisdictions to support his argument, but relies principally on three Massachusetts cases: *Noble* v. *Joseph Burnett Co.,* 208 Mass. 75; *Silver* v. *Graves,* 210 Mass. 26; and *Cygan* v. *Megathlin,* 326 Mass. 732.

We have carefully read all of the cases cited by him, and after comparing the agreements involved in those cases with the agreement alleged in the case at bar, we are compelled to conclude that those cases are of no help to complainant. In our opinion the superior court was warranted in holding that the allegations in paragraph 5 were too vague, indefinite, ambiguous, and insufficient to form the basis for an accounting. See 1 Corbin Contracts, §97, p. 302. In view of this conclusion, it becomes unnecessary to consider com-

plainant's contention that the determination of the amount due him is of such an intricate and complex nature as to be cognizable only in a court of equity. *Bentley* v. *Harris*, 10 R. I. 434, and *McCulla* v. *Beadleston*, 17 R. I. 20, 25, are not in point.

With respect to the supplemental agreement, as alleged in paragraphs 8 and 10, the superior court held that these allegations set forth a clear contract enforceable at law and presented no basis for equity jurisdiction. It came to substantially the same conclusion with reference to the allegations in paragraph 9, if the agreement therein alleged was enforceable at all. It also held that the claim for reimbursement for the expenses allegedly paid by complainant presented no basis for equity jurisdiction. In our opinion such rulings were not erroneous. The fact that such claims would be difficult to prove and that complainant would have to use the corporation's records to prove his claims is not sufficient, in and by itself, to invoke equity jurisdiction.

We come now to complainant's contention that even if the agreement set forth in paragraph 5 is too indefinite and ambiguous, he is entitled to recover the reasonable value of his services on the basis of a quantum meruit and that, in the peculiar circumstances of this case, equity should take cognizance of the cause on such basis. The complainant has cited no case or authority, and we have found none, which supports that view. Assuming that he is entitled to recover on a quantum meruit for the reasonable value of his services, his remedy at law is clearly adequate and complete and under our practice such recovery must be in an action at law. See *McGunigle* v. *Travelers Ins. Co.*, 70 R. I. 495, 499.

In our opinion the practice and procedure in this state were correctly and succinctly stated by the trial justice as follows:

230

"* * * once the basis of the complainant's claim is conceded to be upon a *quantum meruit* there is no reason for the intervention of a court in equity to enforce a recovery the general basis of which is of the essence of the kind of thing with which law courts have long dealt successfully and as to which any party may rightly demand to be put in a position of being able to claim a jury trial if he sees fit. The account demanded by the complainant, his sole prayer except that for general relief, would not only not be necessary but rather clearly impertinent to the issues thus involved which would consist of fixing a fair value for the services performed under the facts and circumstances presented. The trial at law might be protracted if the complainant insisted on trying his claim under all the contracts in one case and the inquiry might be wide, but these considerations as they would be here involved present no basis for equitable jurisdiction."

After carefully considering all of the reasons of appeal briefed and argued by the complainant, it is our opinion that the decree sustaining the demurrers and dismissing the bill is not in error.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edwards & Angell, Edward F. Hindle,* for complainant.

*Higgins & Slattery, James A. Higgins,* for respondents.